UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLENE SIMMONS,

     Plaintiff,

                                      Case No. 1:15-cv-710

v.

                                      HON. JANET T. NEFF

BERRIEN COUNTY HEALTH
DEPARTMENT, et al.,

     Defendants.

_____/

**OPINION AND ORDER**

Plaintiff, a nutritionist/dietician, filed this action alleging claims of race discrimination, harassment and retaliation against her former employer Defendant Berrien County Health Department, Berrien County, and several Health Department employees: Michael A. Mortimore, Director of Health Services; Shelley Jasper, Director of Human Resources; Peggy Hamel, Manager of Health Services; and Jennifer Barr, Supervisor of Health Services.

Defendants filed a Motion for Judgment on the Pleadings Pursuant to FED. R. CIV. P. 12(c) and for Summary Judgment Pursuant to FED. R. CIV. P. 56 (ECF No. 113); Plaintiff filed a Response (ECF No. 111); and Defendants filed a Reply (ECF No. 117). Having fully considered the parties' briefs and accompanying exhibits, the Court grants Defendants' motion.[1]

---

[1] The Court concludes that oral argument is unnecessary to resolve the Motion. *See* W.D. Mich. LCivR 7.2(d).

# I. FACTS[2]

1. Plaintiff is a person of African-American descent who timely filed a charge of race discrimination with the Equal Employment Opportunity Commission solely against the Berrien County Health Department.

2. Subsequent to receiving a Notice of Right to Sue letter from the EEOC, Plaintiff brought the instant action against Defendants Berrien County Health Department and Berrien County, and individual Defendants, Michael A. Mortimore, Peggy Hamel, Jennifer Barr, and Shelley Jasper.

3. Berrien County is a local unit of government within the State of Michigan and was the employer of Plaintiff, as well as the employer of Defendants Shelley Jasper, Peggy Hamel, Michael A. Mortimore, and Jennifer Barr.

4. Berrien County maintained a non-discrimination policy at all relevant times.

5. Plaintiff was hired as a temporary supplemental employee as a WIC nutritionist on December 31, 2012.

6. On May 6, 2013, Plaintiff Simmons advised Defendant Peggy Hamel that she wished to be hired as a WIC Nutritionist/Dietician and was interested in working four days per week.

7. Plaintiff completed an Application for the Nutritionist/Dietician position on July 12, 2013 and Defendant Hamel recommended her to be hired [by] Michael A. Mortimore, the Berrien County Health Officer.

8. After completing her pre-employment physical, Ms. Simmons officially started in the permanent WIC Nutritionist/Dietician position effective August 1, 2013.

9. On September 20, 2013, Plaintiff sent an email to her supervisor, Jennifer Barr, in which Plaintiff stated that at that point in time she felt " ... harassed and discriminated against by you, Jennifer" [Barr].

10. Plaintiff then verbally expressed a number of specific issues about her work and Ms. Barr to Director Mortimore in November, 2013.

11. In an effort to work out the differences between Plaintiff and the individual Defendants, the Berrien County Director of Human Resources sought to have the applicable collective bargaining unit (the Union) extend the six[] month probationary term for an additional two months so that Ms. Simmons and Jennifer Barr and Peggy Hamel, Simmons' supervisors, would have additional time to work on some job performance issues.

---

[2] Plaintiff failed to concur in or file a Joint Statement of Material Facts (JSMF), as ordered by the Court (ECF No. 81 at PageID.364).  Defendants proffered a proposed JSMF for Plaintiff's consideration, and subsequently filed a Statement of Material Facts (SMF) with supporting exhibits and record citations (ECF No. 116), noting Plaintiff's lack of concurrence.  Plaintiff also failed to provide a statement of facts in her response brief.  The underlying facts are set forth from Defendants' SMF; however, the Court otherwise recognizes that the summary judgment standard requires that the facts and all inferences therefrom be viewed in a light most favorable to Plaintiff.

12. The request for extension of the probationary period was made in accordance with the collective bargaining agreement.

13. The request for extension was sent on January 28, 2014.

14. The Union did not agree to extend the probationary period as requested.

15. On January 31, 2014, Ms. Simmons was released from her employment.

Plaintiff filed this action in July 2015 alleging claims of race discrimination, harassment, and retaliation against Defendants.  Plaintiff's Second Amended Complaint (SAC) (ECF No. 29) alleges seven counts:

I.      Violation of Title VII (42 U.S.C § 2000e *et seq.*) Race Discrimination

II.     Violation of Title VII (42 U.S.C § 2000e *et seq.*) Race Harassment

III.    Violation of Title VII (42 U.S.C § 2000e *et seq.*) Retaliation

IV.     Violation of 42 U.S.C. § 1983, Deprivation of Constitutional Right (as against the individual Defendants) Equal Protection – Race Discrimination

V.      Violation of 42 U.S.C. § 1983, Deprivation of Constitutional Right (as against the municipal Defendant Berrien County) Equal Protection – Race Discrimination

VI.     Violation of 42 U.S.C. § 1983, Deprivation of Constitutional Right (as against the individual Defendants) Equal Protection – Race Harassment

VII.    Violation of 42 U.S.C. § 1983, Retaliation

## II.  LEGAL STANDARDS

Defendants move for dismissal under Rule 12(c) and/or summary judgment under Rule 56.

### A.  Standard for Judgment on the Pleadings under Rule 12(c)

Subsection (c) of Federal Rule of Civil Procedure 12 permits a motion for judgment on the pleadings "[a]fter the pleadings are closed."  FED. R. CIV. P. 12(c).  The standards applicable to a Rule 12(c) motion are the same as those for Rule 12(b)(6).  *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012); *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

3

A motion under Rule 12 is a "'test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.'" *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Golden v. City of Columbus,* 404 F.3d 950, 958-59 (6th Cir. 2005)).

The court must take "all well-pleaded material allegations of the pleadings of the opposing party ... as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quotations and citation omitted).  A well-pleaded complaint contains "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that the plaintiff pleaded sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Further, "the court need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation and internal quotation marks omitted).

**B. Standard for Summary Judgment under Rule 56**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013); *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013). The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010). The burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess,* 735 F.3d at 471 (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sierra Brokerage Servs.*, 712 F.3d at 327 (quoting *Anderson,* 477 U.S. at 251-52).

**III. ANALYSIS**[3]

Plaintiff's SAC claims that Defendants committed race discrimination, harassment, and retaliation against her pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Defendants' well-organized arguments fully address the grounds for dismissal or summary judgment of all claims. Although the Court

---

[3] The Court's analysis addresses the law and arguments as presented by the parties.

conducted repeated preliminary proceedings on the grounds for Defendants' motion in two pre-motion conferences with counsel, and permitted Plaintiff to file a second amended complaint to cure deficiencies in her pleadings, Plaintiff, at this juncture following the completion of discovery, presents no viable basis for her claims under the governing law. Plaintiff's response to Defendants' motion, inaptly titled a "Motion in Opposition" (ECF No. 111), presents a skeletal recitation of legal rules and facts but fails to present any responsive argument that warrants in-depth analysis or discussion by the Court.

As Defendants contend with regard to each of Plaintiff's claims, she has either failed to state a claim upon which relief can be granted or has failed to provide evidence sufficient to set forth a genuine issue of material fact. For the reasons that follow, Defendants are entitled to judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) and/or summary judgment pursuant to FED. R. CIV. P. 56.

### A. Rule 12(c) Grounds for Dismissal

Defendants argue generally that Plaintiff's SAC should be dismissed in its entirety because it fails to meet the pleading standards under *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. Defendants assert that despite repeated opportunities to amend her complaint, the SAC is merely a formulaic recitation of the elements of a claim, lacking factual support, and the claims are too vague to provide "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a).

Plaintiff's SAC is not a model of clarity. For example, the SAC expressly states at the outset that Plaintiff alleges two causes of action: (1) Title VII, and (2) section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (ECF No. 29 at PageID.119). However, Counts I, II and III thereafter purportedly allege claims under Title VII and Michigan's Elliott-Larsen Civil Rights

6

Act (ELCRA) based on only minimal, general supporting allegations.  Further, the SAC fails to identify specific actions to support Plaintiff's claims against each particular Defendant, contrary to the pleading requirements.  Defendants' assertions concerning pleading deficiencies have merit, and arguably provide a basis for dismissal of some, if not all of the claims.  While the Court does not rely on that basis alone for granting Defendants' motion, Defendants identify several specific deficiencies in Plaintiff's pleadings, which are fatal to the two causes of actions alleged, Title VII and § 1983, or to the claims against particular Defendants, as discussed subsequently.

### B.  Individual Liability under Title VII (Counts I, II and III)

Defendants assert that Counts I, II and III improperly allege Title VII claims against individual Defendants Barr, Hamel, Mortimore and Jasper.  *See Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) ("An examination of the statutory scheme and remedial provisions of Title VII, convinces us that Congress did not intend to provide for individual employee/supervisor liability under Title VII.")

Plaintiff concedes that courts have held that Title VII does not support individual liability, but maintains that individual employee conduct does define the scope of the employers' liability.  Plaintiff briefly sets forth legal principles concerning agent liability, but fails to provide any supporting analysis under the circumstances of this case.  Thus, the Title VII claims seeking to hold Defendants Barr, Hamel, Mortimore and Jasper individually liable are properly dismissed.

### C.  Discrimination and Retaliation Claims

Defendants argue they are otherwise entitled to summary judgment of Plaintiff's claims of racial discrimination, disparate treatment and retaliation contained in Counts I, III, IV, V and VII. Defendants contend that Plaintiff cannot establish that she was treated differently, discriminated against or retaliated against because of her race.  And even if she can make out a prima facie case

under *McDonnell Douglas*,[4] she has failed to identify another comparable, similarly situated individual who was treated differently.  Additionally, Plaintiff was released from her employment at the end of her probationary period for a non-discriminatory reason: that she had poor work performance, was insubordinate and did not get along with others, and Plaintiff has failed to show this was pretext.

"The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000).  [S]tatements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process itself [cannot] suffice to satisfy the plaintiff's burden ... of demonstrating animus." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998).  A plaintiff may prove a prima facie case of discrimination by bringing forth credible, direct evidence of discriminatory intent or through circumstantial evidence showing:

1) he is a member of a protected class;

2) he was qualified for the job;

3) he suffered an adverse employment decision; and

4) he was treated differently than similarly situated whites.

*Thurman v. Yellow Freight Sys. Inc.*, 90 F.3d 1160, 1166 (6th Cir. 1996), *opinion amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996); *see also McDonnell Douglas*, 411 U.S. at 802.

"Once a plaintiff has met his burden of production and has established a prima facie case of discrimination, the burden of production shifts to the defendant to establish a legitimate, nondiscriminatory reason for the employment decision." *Thurman*, 90 F.3d at 1166.  "If the

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

defendant carries this burden, the presumption raised by plaintiff's prima facie case is rebutted. The ultimate burden of persuasion remains with the plaintiff to prove that the employer's reasons were a pretext for discrimination *and* that the employer intended to discriminate on the basis of race." *Id. See Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-56 (1981).

A claim of retaliation based on race is established in the same manner. *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).

Plaintiff alleges in Counts I, III, IV, V and VII that she suffered discriminatory and disparate treatment, and retaliation, based on her race in violation of Title VII, and 42 U.S.C. § 1983 and the Fourteenth Amendment:

• That she was denied the same opportunities and privileges allowed to white employees;

• That had she been white, she would have been treated differently;

• That she was not hired for a permanent position and was instead terminated from her employment because of her race and her complaint about discriminatory treatment.  (SAC, ECF No. 29).

### 1.  Direct Evidence

Defendants argue that Plaintiff cannot provide direct evidence of discrimination or retaliation.  "'[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'"  *Amini v. Oberlin Coll.,* 440 F.3d 350, 359 (6th Cir. 2006) (quoting *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 470 (6th Cir. 2005)).  It "does not require the fact finder to draw any inferences" to conclude that unlawful discrimination motived an employer's actions.  *Partin v. Weltman Weinberg & Reis Co. LPA*, 666 F. App'x 428, 433 (6th Cir. 2016) (quoting *Amini*, 440 F.3d at

9

359).   Defendants assert that Plaintiff's allegations require an inference that unlawful discrimination motivated her employer's actions.

In response, Plaintiff states:

Jennifer Barr Statement

Complaint paragraphs 1-53 and Deposition Gaylene Simmons, Lisa Bobo, Lisa Peoples and

Michael Mortimore Statements.

(ECF No. 111 at PageID.497).

Plaintiff's bare bones response provides little or no basis for analysis of any purported direct evidence.  Once the moving party has met the initial burden on a motion for summary judgment, the non-moving party "must present some 'specific facts showing that there is a genuine issue for trial.'"  *Jakubowski*, 627 F.3d at 200 (quoting *Anderson*, 477 U.S. at 248).  Plaintiff has failed to present "specific facts" to show there is a genuine issue of direct evidence.  Regardless, as Defendants contend, Plaintiff has otherwise failed to establish claims of discrimination or retaliation on the record presented.

## 2.  Indirect Evidence

As noted, a plaintiff alleging discrimination through indirect evidence must first present a prima facie case of discrimination.  *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003).  To make out a prima facie case of discriminatory discharge, a plaintiff must show that she was (1) a member of a protected class; (2) subject to an adverse employment action; (3) qualified for the position; and (4) was replaced by a person outside the protected class, or was treated differently than similarly situated non-protected employees.  *White v. Baxter Healthcare Corp.*¸ 533 F.3d 381, 391 (6th Cir. 2008).

After a plaintiff establishes a prima facie case, the burden shifts to the defendant to "'articulate some legitimate, nondiscriminatory reason" for taking the challenged action.'" *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000) (citation omitted).  "If the defendant is able to satisfy this burden, the plaintiff must then 'prove that the proffered reason was actually a pretext to hide unlawful discrimination.'"  *Johnson*, 319 F. 3d at 866 (citation omitted).  "A plaintiff will usually demonstrate pretext by showing that the employer's stated reason for the adverse employment action either (1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action."  *White*, 533 F.3d at 393.

Plaintiff alleges that Defendants discriminated against her because she was denied "opportunities and privileges allowed to similar[ly] situated white employees" and that "if Plaintiff had been white, she would have been treated differently and allowed the opportunities and privileges given to a white employee" (SAC, ECF No. 29 at PageID.127).  To establish disparate treatment as part of her prima facia case, the "plaintiff must produce evidence which at a minimum establishes (1) that [s]he was a member of a protected class and (2) that for the same or similar conduct [s]he was treated differently than similarly-situated non-minority employees."  *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992).

Thus, as Defendants set forth in their motion brief (ECF No. 115 at PageID.571-577), to establish her prima facie case of disparate treatment, Plaintiff must show she was treated differently from other similarly-situated, non-protected employees.  However, Plaintiff has failed to identify a "comparable" individual.  "Plaintiff has not identified a similarly-situated, non-protected individual who was not discharged under like conditions.  Further, Plaintiff has not identified another similarly situated non-protected individual who was given a different opportunity or privilege which Plaintiff was denied" (*id*. at PageID.572).

11

As Defendants contend, Plaintiff has only her broad generalized statements that she was treated differently by Jennifer Barr.  Plaintiff points to no specific comparative individual or specific comparative actions, especially regarding discharge.  Plaintiff has only conclusory allegations and subjective beliefs that she was treated differently from other, unnamed white employees of the Berrien County Health Department.  Plaintiff has not made out a prima facie case under *McDonnell Douglas*, and Defendants are therefore entitled to summary judgment.

Additionally, a prima facie case of retaliatory discharge requires a causal connection. Plaintiff has no evidence to link the alleged discrimination/her complaints to her termination. Therefore, Plaintiff cannot establish a claim for retaliatory discharge.

"The elements of a retaliation claim are similar but distinct from those of a discrimination claim." *Laster*, 746 F.3d at 730.  To establish a prima facie case of retaliation, the plaintiff must demonstrate that: 1) she engaged in protected activity; 2) the defendant knew that she engaged in this protected activity; 3) the defendant took an action that was "materially adverse" to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.  *Id*.  "Title VII retaliation claims 'must be proved according to traditional principles of but-for causation,' which 'requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'"  *Id.* at 731 (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 360 (2013)).

A causal connection is established where a plaintiff produces "'sufficient evidence from which one could draw an inference that the employer would not have taken the adverse action against the plaintiff had the plaintiff not engaged in activity that Title VII protects.'"  *Kubik v. Central Mich. Univ. Bd. of Trustees*, 221 F. Supp. 3d 885, 910 (E.D. Mich. 2016) (quoting *Abbott v. Crown Motor Co*., 348 F.3d 537, 543 (6th Cir. 2003)).

12

As Defendants contend, Plaintiff has failed to establish a causal connection between her complaint and her discharge.  She has produced no evidence to support that her discharge from the Health Department was in retaliation for her discrimination and harassment claims about her supervisor Jennifer Barr.  Defendants are entitled to summary judgment of Plaintiff's retaliation claims.

Defendants additionally contend that where the same actors both hired and fired a plaintiff claiming racial discrimination, the defendants are entitled to an inference of non-discriminatory intent based on the "same actor" rule.  That is, the court can "'infer a lack of discrimination from the fact that the same individual both hired and fired the employee.'"  *Jamal v. Paletko*, No. 09– 13903, 2010 WL 3488700, at *3 (E.D. Mich. Sept. 1, 2010) (citing *Burhrmaster v. Overnite Transp. Co.,* 61 F.3d 461, 463-64 (6th Cir. 1995)).  Here, Defendant Mortimore, as the Health Officer, both hired and fired Plaintiff (Defs. Br., ECF No. 115 at PageID.579, citing Mortimore Aff., Defs. Ex. 13).  Since he was the ultimate decision maker, an inference of non-discrimination is appropriate under the "same actor" rule.  Further, Mortimore hired and fired Plaintiff based upon the recommendation of Plaintiff's direct supervisor, Jennifer Barr (*id*., citing Mortimore Aff., Defs. Ex. 13 & Barr Aff., Defs. Ex. 12).  Like Mortimore, Jennifer Barr was involved in both Plaintiff's hiring and firing (*id.*)

Plaintiff responds that the "same actor" presumption is inapplicable here because the decision to terminate and/or not hire Plaintiff was influenced by the racial animus of Jennifer Barr under the "cat's paw theory" of liability (Pl. Resp., ECF No. 111 at PageID.498).  Under this theory of liability, "'if a supervisor performs an act motivated by [retaliatory] animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under [Title VII].'"  *Mys v. Mich. Dep't*

*of State Police*, ___ F.3d ___, No. 17-1445, 2018 WL 1514581, at *6 (6th Cir. Mar. 28, 2018)

(quoting *Staub v. Proctor Hosp.*, 562 U.S. 411, 415 n.1 (2011) (emphasis in original) (footnote

omitted)).  Plaintiff provides no evidence or analysis to show that the "cat's paw" theory of liability

applies (*see* Pl. Resp., ECF No. 111 at PageID.498).

### 3. Pretext

Additionally, even assuming Plaintiff could establish a prima facie case of discrimination

or retaliation, Plaintiff has failed to show that Defendants' legitimate non-discriminatory reason

for terminating Plaintiff's employment was pretext.  Defendants presented evidence that Plaintiff

was discharged for her insubordination and poor job performance.  Plaintiff can establish pretext

by showing: (1) that Defendants' proffered reasons had no basis in fact, (2) that the proffered

reasons did not actually motivate Defendants' action, or (3) that they were insufficient to motivate

Defendants' action.  *See Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 460 (6th Cir. 2004).  To

carry her burden in opposing summary judgment, Plaintiff must produce sufficient evidence from

which a jury could reasonably reject her employer's explanation of why it fired her.  *See Mickey v*

*Zeidler Tool & Die Co*, 516 F.3d 516, 526 (6th Cir. 2008) (citing *Braithwaite v. Timken Co.,* 258

F.3d 488, 493-94 (6th Cir. 2001)).

The evidence indicates that given Plaintiff's ongoing performance issues, Defendants

sought Union approval under the Collective Bargaining Agreement to extend Plaintiff's

probationary period when it was set to expire, in order to have additional time to work with Plaintiff

with regard to her performance issues (Defs' Br., ECF No. 115 at PageID.581, citing Defs. Exs.

13 and 14).  Although such extensions are routinely granted, the Union did not agree to extend the

probationary period for Plaintiff (*id.*, citing Defs. Exs. 9, 10, 13, 14).  After being denied the

probation extension, Defendant Mortimore made the decision to release Plaintiff from her

employment at the Health Department (*id*. at PageID.581-582, citing Defs. Ex. 13).  "Plaintiff was released from her employment at the end of her unsuccessfully completed probationary period due to her insubordinate attitude and other misconduct" (*id*., citing Defs. Exs. 11 and 13).

Defendants are entitled to summary judgment of Counts I, III, IV, V and VII.

### D.  Harassment/Hostile Work Environment Claims

For similar reasons, Defendants are entitled to summary judgment of Plaintiff's race harassment/hostile work environment claims (Counts II and VI).  Defendants argue that Plaintiff has presented insufficient evidence to show that she was harassed because of her race.  Even if Plaintiff could establish that Defendant Barr's conduct toward her constituted harassment, Plaintiff cannot establish that it was racially motivated.  Finally, Plaintiff has asserted no similar allegations against the other Defendants.

To establish a prima facie case of racial harassment or hostile work environment, a plaintiff must present evidence that "'(1) she was a member of a protected class; (2) she was subjected to unwelcomed harassment; (3) the harassment was based on sex or race; (4) the harassment created a hostile work environment; and (5) employer liability.'"  *Kubik*, 221 F. Supp. 3d at 908 (quoting *Ladd v. Grand Trunk W. R.R.,* 552 F.3d 492, 500 (6th Cir. 2009)); *see also Clay v. UPS*, 501 F.3d 695 (6th Cir. 2007).  An employer may be held directly liable for harassing acts of co-workers if the plaintiff shows the employer knew or should have known of the harassment and unreasonably failed to take appropriate corrective action."  *Hodoh-Drummond v. Summit Cty.*, 84 F. Supp. 2d 874, 880 (N.D. Ohio 2000) (citing *Fenton v. HiSAN,* 174 F.3d 827, 829 (6th Cir. 1999)).

"'Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview.'"  *Kubik*, 221 F. Supp. 3d at 908 (quoting *Harris v. Forklift Sys. Inc.,*

510 U.S. 17, 21 (1993)).  To determine if the conduct is sufficiently severe or pervasive, the Court

must analyze the totality of the circumstances.  *Id.* (citing *Williams v. Gen. Motors Corp.,* 187 F.3d

553, 562 (6th Cir 1999)).  The Court should consider the: (1) frequency of the discriminatory

conduct, (2) its severity, (3) whether the conduct is physically threatening or humiliating, or (4) if

it unreasonably interferes with the employee's work performance.  *Id.* (citing *Harris*, 510 U.S. at

23).

     Defendants assert that Plaintiff has failed to plead or offer evidence of race-based

harassment against Mortimore, Hamel or Jasper.  Thus, these individuals are entitled to judgment

on the pleadings as to these claims.  Further, Plaintiff's only allegations of harassment address

Defendant Barr's conduct.  And as to Defendant Barr, Plaintiff offers nothing but broad assertions

that any actions of Barr were because of race.  Instead, the evidence shows that Barr was acting as

Plaintiff's supervisor to direct and correct Plaintiff's conduct.  Moreover, Plaintiff alleges no

harassment sufficient to create a hostile work environment.  The conduct Plaintiff describes is not

conduct that a reasonable person would find severe or pervasive enough to create a hostile work

environment.  Thus, Defendants Berrien County Health Department and Barr are entitled to

summary judgment of Plaintiff's hostile work environment claims.

     In response, Plaintiff presents no reasoned argument and cites no evidence to refute

Defendants' contentions.  Plaintiff states simply that Defendants Mortimore, Hamel and Jasper

"failed to appropriately remedy the hostile environment and in fact aggravated the matter by failing

to hire and/or discharging plaintiff and then attempted to shift the blame to the union" (Pl. Resp.,

ECF No. 111 at PageID.500).

     The Court agrees that Plaintiff has failed to show circumstances sufficient to establish her

hostile work environment claims.  *See Harris*, 510 U.S. at 21 ("Conduct that is not severe or

16

pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview."). Defendants' motion is properly granted as to Plaintiff's race harassment/hostile work environment claims.

### E.  Defendants' Remaining Arguments

Defendants advance additional arguments in support of their motion.  Given the vague nature of Plaintiff's claims and the failure to clearly specify which claims are alleged against which Defendants, it is unclear whether the Court's above determinations render some or all of these arguments moot.  In any event, the Court briefly addresses those that may provide valid alternative or additional grounds for dismissal and/or summary judgment of certain claims or Defendants.

With regard to § 1983 liability of municipal actors, Defendants argue that a claim brought against an individual in his or her official capacity is treated as a claim against the municipality; thus, to the extent Plaintiff brings suit pursuant to § 1983 against the individuals in their official capacities, those claims are against the governmental agency.  *See Doe v. Claiborne Cty., Tenn.*, 103 F.3d 495, 509 (6th Cir. 1996).  Further, liability exists against a municipality only where its employees acted pursuant to a policy, practice or custom that violated the plaintiff's rights.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694-95 (1978); *see also Graham v. Cty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).  Plaintiff fails to establish a discriminatory policy, practice or custom which was the moving force for her claim.  *See id.*  Under *Monell*, an employer cannot be responsible on a theory of *respondeat superior*.  *Id.*  Therefore, the municipal defendants are entitled to Summary Judgment of Plaintiff's § 1983 claims contained in Counts V, VI and VII.

Defendants also persuasively argue they are entitled to summary judgment of Plaintiff's § 1983 claim brought pursuant to the First Amendment.  Plaintiff's private complaints to

management regarding her direct supervisor do not give rise to a First Amendment cause of action. *See Connick v. Myers*, 461 U.S. 138, 146 (1983). They are merely internal employee grievances, which are not actionable under the First Amendment. *See Handy-Clay*, 695 F.3d at 540 (2012). Defendants are entitled to summary judgment of Plaintiff's First Amendment claim in Count VII.

## IV.  CONCLUSION

Plaintiff has failed to demonstrate that the claims alleged in her SAC are viable on the record presented. The Court grants Defendants' motion for dismissal and/or summary judgment of Plaintiff's Title VII and § 1983 claims. To the extent Plaintiff's purported assertion of state law claims under ELCRA is valid despite the SAC express statement that it alleges only Title VII and § 1983 causes of action, the Court declines to exercise supplemental jurisdiction over the state law claims. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006); 28 U.S.C. § 1367(c)(3); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010).

A Judgment will be entered consistent with this Opinion and Order.

Accordingly:

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings Pursuant to FED. R. CIV. P. 12(c) and for Summary Judgment Pursuant to FED. R. CIV. P. 56 (ECF No. 113) is GRANTED.

**IT IS FURTHER ORDERED** that to the extent Plaintiff alleges state law claims under Michigan's Elliott-Larsen Civil Rights Act, such claims are dismissed without prejudice.

Dated:  March 30, 2018                              /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge

18