## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: February 25, 2019

Ms. Gaylene Simmons
4230 E. Tudor Road
Apartment 2
Berrien Springs, MI 49103

Mr. James M. Straub
Straub, Seaman & Allen
P.O. Box 318
St. Joseph, MI 49085-0000

      Re: Case No. 18-1501, *Gaylene Simmons v. Berrien County Health Dept, et al.*
         Originating Case No.: 1:15-cv-00710

Dear Sir or Madam,

 The Court issued the enclosed Order today in this case.

              Sincerely yours,

              s/Laura A. Jones
              Case Management Specialist
              Direct Dial No. 513-564-7023

cc: Mr. Thomas Dorwin
   Mr. James T. McGovern

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-1501

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 25, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| GAYLENE SIMMONS, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| BERRIEN COUNTY HEALTH DEPARTMENT, | ) MICHIGAN |
| et al., | ) |
| | ) |
| Defendants-Appellees. | ) |

O R D E R

Before: COLE, Chief Judge; SILER and CLAY, Circuit Judges.

Gaylene Simmons, a Michigan resident proceeding pro se, appeals the judgment for Defendants in an employment discrimination action that she filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

The amended complaint, filed through counsel, alleged race discrimination and retaliation. Simmons was hired by the Berrien County Health Department at the end of 2012 as a temporary nutritionist. Approximately six months later, she became a permanent employee, but on a six-month probationary status. In September 2013, she began complaining that her supervisor, defendant Barr, was discriminating against her based on her race. In January 2014, defendant Mortimore, the Director of Health Services, requested that the union extend the probationary period for two months so that Simmons and her supervisors would have additional time to attempt

No. 18-1501
- 2 -

to resolve Simmons' job performance issues, but the union refused the request. Simmons was then terminated from her position. The letter informing Simmons of her termination stated that it was based on her inability to learn new tasks and her disrespectful communication style with co-workers and supervisors.

After conducting discovery, Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and summary judgment under Rule 56. Counsel for Simmons, who had recently had a heart attack, filed a perfunctory response. The district court granted judgment to defendants.

On appeal, Simmons argues that her counsel was ineffective and that the district court should have instructed her how to proceed. She also argues that she properly named both Berrien County and the Health Department as Defendants.

De novo review of the record indicates that the district court properly granted Defendants' motion for judgment on the pleadings under Rule 12(c) and Defendants' motion for summary judgment under Rule 56 because Simmons did not present specific facts showing a genuine issue for trial. *See Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012); *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010).

In order to establish a prima facie case of race discrimination, Simmons was required to show that she was a member of a protected class, qualified for her position, subject to an adverse action, and treated differently than similarly situated non-protected employees. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). Simmons testified in her deposition that her supervisor treated her differently than her co-workers and that the supervisor blatantly stated that the treatment was due to race. Defendant Barr denied these claims in her affidavit. Even if Simmons is assumed to have established a prima facie case, Defendants countered with legitimate, non-discriminatory reasons for the termination of her employment, documenting performance problems by Simmons. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000). Simmons was then required to show that these reasons were a pretext for discrimination because they were factually baseless, not the actual reason, or insufficient to support

No. 18-1501
- 3 -

her termination. *White*, 533 F.3d at 393. To survive a summary judgment motion, Simmons had to produce sufficient evidence on which a jury could reasonably reject the employer's explanation. *See Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001). Simmons failed to proffer any evidence on this point other than her own denial of the behavior alleged. In fact, Simmons failed to follow the district court's order to either concur in, or file a separate, Joint Statement of Material Facts. Simmons also failed to file a fact section in her response brief. Furthermore, as the district court noted, Simmons' response brief merely presented "a skeletal recitation of legal rules and facts" without "any responsive argument that warrants in-depth analysis by the Court." (ECF No. 127 at PageID #973.) While Simmons failed to present any evidence to meaningfully substantiate her claims, Defendants presented evidence that they attempted to give Simmons additional time to resolve her performance issues by filing for an extension of the probationary period, and that they decided to terminate Simmons' employment only after the union rejected their request. The district court properly found that, under these circumstances, a jury could not reasonably reject the employer's explanation for the termination of Simmons' employment.

The district court also properly entered judgment for Defendants on the claim of retaliation for complaining about her supervisor's alleged discrimination. Again, Simmons presented no evidence that Defendants would not have taken the adverse action if not for a retaliatory motive. *See Abbott v. Crown Motor Co.*, 348 F.3d 537, 543 (6th Cir. 2003). The district court properly granted judgment to Defendants on the claim that the First Amendment was violated by the termination because internal employee grievances are not actionable under the First Amendment. *See Handy-Clay v. City of Memphis*, 695 F.3d 531, 540 (6th Cir. 2012). To the extent that the complaint alleged any claim under Michigan's Elliott-Larsen Civil Rights Act, the district court properly declined to exercise supplemental jurisdiction. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

The parties' arguments over whether both the county and the health department were properly named as Defendants and whether the individual Defendants could be held liable need not be addressed because the claims failed on the merits regardless. The argument that counsel

No. 18-1501
- 4 -

was ineffective and that the district court should have advised Simmons how to proceed were not raised below and thus need not be considered.  *See Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005).  Moreover, an adverse judgment in a civil case may not be attacked on the ground of ineffective assistance of counsel.  *See United States v. $100,375.00 in U.S. Currency*, 70 F.3d 438, 440-41 (6th Cir. 1995).

For all of the above reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk